### No. 2719
### Second Circuit

### COWSER & WATSON v. HICKS
### HARPER, Intervenor

---

(February 24, 1927. Opinion and Decree.)
(April 8, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest — Sequestration—Par. 32.**
The general rule with few exceptions is well settled that intervention and third opposition may not be filed after property seized under a writ of sequestration has been released on bond.

2. **Louisiana Digest — Sequestration—Par. 22, 25, 32.**
Where property had been sold by the sheriff prior to the filing of the intervention, the property cannot be returned, and judgment recognizing the privilege of the intervenor is enforceable only against the release bond.

Appeal from the Third Judicial District Court of Louisiana, Parish of Bienville. Hon. J. S. Richardson, Judge.

Action by Cowser & Watson against J. W. Hicks, et al.

There was judgment for plaintiffs and intervenor appealed.

Judgment reversed and intervention dismissed.

Wimberly & Wallace; I. J. McCarthy, of Arcadia, attorneys for plaintiffs, appellees.

Goff & Barnette, of Arcadia, attorneys for intervenor, appellant.

WEBB, J. Plaintiff, Cowser & Watson, a commercial partnership, filed suit on October 2, 1924, against defendants, J. T. Harper and J. W. Hicks, alleging it had furnished defendants merchandise, etc., with which to make a crop on lands belonging to Mrs. J. T. Harper (wife of one of the defendants), which was under the administration of J. T. Harper, and that it had a privilege on the crops to secure the advances made.

Plaintiff prayed for the issuance of a writ of sequestration and, after due proceedings, for judgment against defendants in solido, and that the sequestration be maintained and their alleged privilege be recognized, etc.; and for all orders and decrees necessary.

The writ of sequestration was issued and the crop, consisting of several bales of cotton, seed cotton, and cotton in the

fields, was sequestered by the sheriff on October 3, 1924.

On October 4, 1924, J. T. Harper, one of the defendants, appeared and obtained an order to bond the property seized, and on the same day he filed a bond for the amount fixed by the court.

On June 23, 1925, Mrs. J. T. Harper, wife of J. T. Harper, filed an intervention and third opposition in which she alleged that the sheriff, proceeding under a writ of sequestration issued at the instance of plaintiff, had the crops which had been raised by J. W. Hicks, a share cropper on her lands, which were under her administration, seized, that said crops belonged to intervenor, and that she had furnished J. W. Hicks with money and supplies to make the crops, and that there had not been any settlement between intervenor and said Hicks, and that she was entitled to intervene and claim the ownership of the property, or, in event it had been sold, the proceeds of same.

She prayed for service upon plaintiff, Cower & Watson, and J. W. Hicks, and, after due proceedings, for judgment recognizing and decreeing her to be the owner of the propery and entitled to the possession of same.

On February 28, 1925, J. T. Harper, one of the defendants, answered plaintiff's petition, pleading, in effect, a general denial, and alleging that the crops had been raised on the lands of his wife, Mrs. J. T. Harper, which was under her separate administration.

Plaintiff excepted that the intervenor and third opponent failed to state a cause of action and that the intervention came too late, being after the property sequestered had been released on bond; and upon the exception being referred to the merits,

plaintiff filed an answer to the intervention pleading, in effect, a general denial and alleging the merchandise sold to J. T. Harper and J. W. Hicks had been sold with the knowledge of intervenor and that J. T. Harper had the administration of the property on which the crops were raised, etc., and prayed that intervenor's demands be rejected.

Plaintiff took a default against J. W. Hicks, but it does not appear from the record that any default was entered by intervenor against Hicks.

On trial judgment was rendered in favor of plaintiff and against J. W. Hicks and J. T. Harper in solido for the amount claimed, the writ of sequestration was sustained and the privilege asserted by plaintiff was recognized on the property seized; and judgment was also rendered in favor of Mrs. J. T. Harper and against J. W. Hicks in the sum of two hundred and forty-eight dollars, of which one hundred and fifty dollars was declared to be secured by a privilege on the property seized, which was ordered to be sold and the proceeds applied pro rata to the payment of the privileges recognized in favor of the plaintiff and Mrs. J. T. Harper, intervenor and third opponent.

Intervenor and third opponent appealed, and plaintiff has answered the appeal, praying that intervenor's demands be rejected.

## OPINION

The parties, plaintiff and intervenor, urge many grounds in support of their respective contentions, among which, on behalf of plaintiff, is that the intervention and third opposition of Mrs. J. T. Harper should have been dismissed on the ground that it was filed after the property had been released from seizure on a bond fur-

nished by one of the defendants, the husband of intervenor, J. T. Harper.

From the statement of the pleadings and judgment it will appear that the evidence must have presented a "tangle", which may frequently occur when the husband and wife reside on agricultural property belonging to the latter, where the real authority of the husband may be much less than he assumes, and the public, unaware of the situation, or not taking the time to investigate, deal with the husband with relation to the property on an assumption which is finally found to be without basis.

However, we do not deem it necessary to review the evidence, as it relates to the question as to which of the two (husband or wife) had the administration of the property, or the rights of the parties in or against the crops, as the latter question has been definitely determined as between the plaintiff and J. T. Harper and J. W. Hicks by the judgment from which an appeal has not been taken, and the property having been released on bond before the intervention was filed the intervention should have been dismissed.

While there may be instances in which an intervention and third opposition may be filed after property seized under a writ of sequestration has been released on bond, the general rule is well settled to the contrary. (Burbank vs. Taylor, 23 La. Ann. 751; Carroll vs. Birdwell, 27 La. Ann. 239; Phifer vs. Maxwell, 28 La. Ann. 262.) And although it may be that the intervenor had the administration of the property, and that Hicks was working as a sharecropper, it is not alleged that there was collusion between plaintiff and J. T. Harper by which Harper was enabled to obtain possession of the crops through the suit instituted by plaintiff.

Furthermore, the evidence shows that the property had been sold by J. T. Harper some time prior to the date Mrs. Harper filed her intervention, and J. T. Harper cannot return the property, and any judgment recognizing a privilege on the property seized would be enforceable only against the release bond in which Mrs. J. T. Harper certainly could not have any interest.

It is therefore ordered, adjudged and decreed that the judgment appealed from, insofar as it recognizes any privilege in favor of the intervenor and third opponent, Mrs. J. T. Harper, on the property seized, or any right in the proceeds of the property, as against plaintiff, Cowser & Watson, be annulled, avoided and reversed, and that her intervention be dismissed insofar as it may affect plaintiff, at her cost.